BERANEK, Judge.
This is an interlocutory appeal growing out of a rather confused domestic situation. The parties were divorced in 1970, with custody of the three minor children being given to the wife. The wife remarried in 1974, and her second husband adopted the children. In 1977, the wife divorced her second husband and was granted custody of the children. In 1980, the wife moved to South Carolina where she resided with her *416 son, the remaining minor child of the parties. She allowed her son to travel to Florida frequently to visit with his natural father and his older sister, who was then residing with the natural father. In 1983, the wife brought her son to Florida to spend his summer vacation with his natural father. The son, who was approximately 16 years of age, eventually decided that he wanted to reside in Florida with his father, and informed his mother that he was not returning to South Carolina. The wife disagreed and reinstituted proceedings in the original divorce case in Florida.
The wife sought to hold her first husband in contempt, and the husband sought dismissal urging an absence of personal and subject matter jurisdiction. He argues that the wife’s motion seeks to hold him in contempt of the 1970 divorce decree and that this decree has been superseded by the 1974 adoption and the wife’s 1977 divorce from her second husband. We certainly agree that contempt was an improper vehicle for bringing this matter before the court. However, although styled “Motion and Suggestion for Contempt,” the wife is really asking for a custody determination as exhibited by her prayer for relief:
WHEREFORE, the Petitioner moves this Honorable Court to issue an Order requiring the Respondent to make an immediate return of the minor child, FRANK STILES GALMISH, and any further relief that may be just and proper under the circumstances ....
The court clearly has both subject matter and personal jurisdiction over the minor child and is required to act in the best interest of that child. Jurisdiction over the natural father is of no concern to us as he is a stranger to these proceedings, and the trial court does not need jurisdiction over him in order to determine the custody of the minor over whom the court does have jurisdiction. It appears obvious that the adoptive father, who has been mentioned by no one, would be an appropriate party to these proceedings. Further, the natural father may not seek to retain custody and simultaneously object to jurisdiction over him.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS IN ACCORDANCE WITH THIS OPINION.
DOWNEY and HERSEY, JJ., concur.